In re Tyco Internt'l Securities          00-MD-1335-B  07/27/00

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**In re Tyco International, Ltd.**          MDL No.  00-MD-1335-B
    **Securities Litigation**                          ALL CASES
                                         Opinion No. 2000 DNH 268

<u>MEMORANDUM AND ORDER</u>

This multidistrict litigation consolidates for pretrial purposes securities fraud actions brought in multiple federal districts.  A group of four plaintiffs (the "Tyco Shareholder Group" or "TSG"), who together seek appointment as lead plaintiff, have moved for an order that (1) memorializes the parties' agreement as to the preservation of documents and data in the possession of the defendants, and (2) grants the plaintiffs authority to serve subpoenas on certain third parties for the limited purpose of putting those third parties on notice of this action and placing them under an obligation to preserve relevant evidence in their possession.

As explained below, I deny the TSG's request for a preservation order directed at the defendants.  If, however, the TSG presents this court with preservation subpoenas that

1

appropriately particularize the relevant evidence to be preserved, I will grant the TSG leave to serve such subpoenas on specified third parties.

## I.    The Statutory Framework: The PSLRA of 1995

This action is subject to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA" or the "Act"). Congress enacted the PSLRA to redress certain perceived abuses in securities class actions, including "the abuse of the discovery process to coerce settlement." SG Cowen Secs. Corp. v. United States Dist. Court for the N. Dist. of California, 189 F.3d 909, 911 (9th Cir. 1999) (quoting In re Advanta Corp. Secs. Lit., 180 F.3d 525, 530-31 (3d Cir. 1999)). Congress was reacting to testimony that "[t]he cost of discovery often forces innocent parties to settle frivolous securities class actions." H.R. Conf. Rep. No. 104-369, at 37 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 736. Congress also was concerned that "plaintiffs sometimes file frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint." S. Rep. No. 104-98, at 14 (1995), reprinted

2

<u>in</u> 1995 U.S.C.C.A.N. 679, 693.

Congress sought to remedy these abuses of the discovery process by including within the PSLRA a stay provision, codified at 15 U.S.C. § 78u-4(b)(3)(B), which provides that

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (Supp. 1996). Accordingly, unless certain exceptional circumstances are present, discovery in securities class actions is permitted "only after the court has sustained the legal sufficiency of the complaint."[1] <u>SG Cowen</u>,

---

[1] Courts applying the PSLRA's stay provision have reached different conclusions as to whether it applies before a motion to dismiss is filed. <u>See, e.g.</u>, <u>In re Carnegie Int'l Corp. Secs. Lit.</u>, Civil No. L-99-1688, 2000 U.S. Dist. LEXIS 6137, at *23 (D. Md. Apr. 11, 2000) ("[T]his Court rejects plaintiffs' argument that the automatic stay provision of the PSLRA does not apply because the defense has not yet filed its motion to dismiss. Until the deadline for filing a motion to dismiss passes, or the defendants otherwise waive their rights to file a motion, or the Court rules on a motion to dismiss, the stay provisions are available."); <u>Dartley v. Ergobilt, Inc.</u>, 3-98-CV-1442-G, 1998 U.S. Dist. LEXIS 17737, at *2-3 (N.D. Tex. Nov. 3, 1998) ("In interpreting the mandatory stay provision of the Reform Act, courts have stayed discovery against defendants where the filing of a motion to dismiss is imminent. However, under the plain language of the statute no stay is mandated where a motion to dismiss has yet to be filed. Therefore, in my opinion whether a

189 F.3d at 913 (quoting S. Rep. No. 104-98, at 14 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 693) (internal quotation marks omitted).

At the same time, Congress included a preservation provision in the PSLRA "in recognition that 'the imposition of a stay of discovery may increase the likelihood that relevant evidence may be lost.'" In re Grand Casinos, Inc. Secs. Lit., 988 F. Supp. 1270, 1271 (D. Minn. 1997) (quoting S. Rep. No. 104-98, at 14 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 693). The preservation provision mandates that

stay should be granted under such circumstances is addressed to the broad discretion of the court."), appeal denied by 1998 U.S. Dist. LEXIS 17751 (N.D. Tex. Nov. 4, 1998); In re Trump Hotel Shareholder Derivative Lit., No. 96CIV.7820 (DAB)(HBP), 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) (finding that stay provision applies where dismissal motion had not yet been filed solely as a result of parties' pleading schedule). In the present action, motions to dismiss had been filed in some of the individual actions prior to consolidation, the parties and the court have established a schedule for the filing of an amended consolidated complaint and a motion to dismiss that complaint, and the defendants have indicated that they intend to file such a dismissal motion. Under these circumstances, the stay provision applies even though a motion to dismiss is not pending. Cf. Powers v. Eichen, 961 F. Supp. 233, 236 (S.D. Cal. 1997) ("[I]t is clear that Congress did not contemplate a restrictive reading of the term 'pendency' in [the PSLRA' stay provision].").

4

> During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i) (Supp. 1996). The statute provides for the possibility of court-ordered sanctions for a party's "willful failure" to comply with the duty to preserve relevant evidence. Id. § 78u-4(b)(3)(C)(ii) (Supp. 1996).

These provisions reflect a careful balance between Congress's effort to shield defendants facing frivolous claims from the burdens of discovery, on the one hand, and its desire to ensure the preservation of evidence relevant to legally cognizable claims, on the other. As one court has noted, in crafting the stay and preservation provisions of the PSLRA "Congress's intent was to preserve the status quo, pending a judicial determination of the legal sufficiency of [the complaint]." In re Grand Casinos, Inc. Secs. Lit., 988 F. Supp. at 1272.

## II. The TSG's Request for a Preservation Order Directed At Defendants

The TSG's first request is that I enter an order memorializing the parties' agreement regarding the preservation of documents and data in the custody or control of the defendants. I deny this request because such an order would either unnecessarily duplicate or improperly alter the obligations created under the PSLRA.

As indicated above, the PSLRA imposes a duty on any party to a securities class action with actual notice of the allegations contained in a complaint to preserve all relevant evidence in the custody or control of that party. See 15 U.S.C. § 78u-4(b)(3)(C)(i). As parties to the present action, defendants Tyco International Ltd., L. Dennis Kozlowski, and Mark H. Swartz are subject to this statutory duty. The defendants have indicated that they "are aware of this obligation under the PSLRA and intend to comply with it." Defs.' Mem. in Opp'n (Doc. #21) at 5; see also Transcript of Oral Argument (Doc. #26) at 121. Absent a showing that defendants are not acting in accordance with their statutory duty, the PSLRA's preservation provision should be sufficient to ensure the preservation of relevant evidence in the

6

defendants' custody or control.  See In re Grand Casinos, Inc. Secs. Lit., 988 F. Supp. at 1273 (denying request for preservation order as to evidence possessed by parties because "the preservation of evidence in the possession of the parties is statutorily automatic").

The TSG has suggested that a preservation order directed at the defendants is necessary because without such an order, defendants will lack notice of which types of evidence the plaintiffs consider relevant to their claims.  See Mem. in Supp. of TSG's Mot. (Doc. #16) at 2; TSG's Supplemental Mot. (Doc. #19) ¶ 2; Transcript of Oral Argument (Doc. #26) at 109.  While I recognize the importance of such notice, I conclude that in the present case the defendants have received sufficient notice. First, although an amended consolidated complaint has yet to be filed, defendants are aware of the allegations contained in the complaints filed in the individual actions.  Moreover, after engaging in a process of negotiation, the parties have reached agreement on the preservation of virtually all of the types of documents and data in which the TSG has expressed an interest.[2]

_____

[2]  The parties remaining disagreement appears to concern the preservation of "state sales and property tax returns and

7

<u>See</u> Defs.' Mem. in Opp'n (Doc. #21) at 1-2, 5; TSG's Supplemental Mot. (Doc. #19) ¶¶ 1, 5; Transcript of Oral Argument (Doc. #26) at 112.  In the course of these negotiations, the TSG has provided defendants with specific descriptions of the documents and data that it considers relevant to its claims.  <u>See</u> TSG's Mot. (Doc. #16), Ex. A.  Under the circumstances, I conclude that the defendants are on actual notice both of the allegations against them and of the types of documents and data that the TSG considers relevant to those allegations.

Accordingly, I deny the TSG's request for a preservation order directed at the defendants.

### III.  <u>Preservation Subpoenas To Third Parties</u>

The TSG's second request is that I grant them authority to serve subpoenas on specified third parties for the limited purpose of providing them with notice of the action and placing them under an obligation to preserve relevant evidence.  I

---

payments."  TSG's Supplemental Mot. (Doc. #19) ¶ 5; Defs.' Mem. in Opp'n (Doc. #21) at 2-3 n.2.  I need not settle this dispute; to the extent that such documents are relevant to the claims advanced in this action, the defendants must preserve them or face the possibility of sanctions.

conclude that the service of a limited number of particularized preservation subpoenas on third parties is consistent with the language and purpose of the PSLRA.

The stay of discovery provided for by the PSLRA protects nonparties as well as parties.  See In re Carnegie Int'l Corp. Secs. Lit., Civil No. L-99-1688, 2000 U.S. Dist. LEXIS 6137, at *9-12 (D. Md. Apr. 11, 2000).  To obtain relief from this mandatory stay, a party must (1) request "particularized discovery," and (2) show that such discovery is necessary either "to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B).  I consider these requirements in reverse order.

## A.    <u>Necessary to Preserve Evidence or Avoid Undue Prejudice</u>

In the circumstances of this case, I find that the TSG has demonstrated that service of appropriately tailored preservation subpoenas on specified third parties is necessary to preserve evidence.  The claims in this consolidated securities fraud action are based in part on allegations that the defendants manipulated the accounting for a series of acquisitions by Tyco International in order to overstate the corporation's earnings and thereby inflate its stock price.  See Compl. filed in

9

<u>Greenberg v. Tyco Int'l, Ltd.</u>, 99 CIV. 11930, ¶¶ 25-27, Ex. A to Affidavit of Kenneth J. Vianale in Supp. of Proposed Tyco Lead Pls.' Mot. (S.D.N.Y. Doc. #8).  The third parties identified by the TSG mainly appear to be accountants, auditors, and/or consultants that may possess relevant evidence of the acquisitions and accounting practices at issue.  <u>See</u> Schedule of Third Parties to Be Served With Doc. Preservation Subpoenas (Doc. #25) at 1-2.  Unlike the defendants, these third parties have not necessarily received actual notice of this action.  Further, the TSG has produced evidence that large corporations typically overwrite and thereby destroy electronic data in the course of performing routine backup procedures.  <u>See</u> Decl. of Joan Feldman, ¶¶ 7, 8, Ex. C to TSG's Mot. (Doc. #16); <u>cf.</u> <u>Applied Telematics, Inc. v. Sprint Communications Co., L.P.</u>, No. 94-4603, 1996 U.S. Dist. LEXIS 14053, at *5 (E.D. Pa. Sept. 17, 1996) ("In accordance with defendant's normal operating procedures, every week the computer system is backed up and saved, thereby deleting the backup from the prior week.  After one week, therefore, historical information is unavailable from the computer system.").  The TSG has therefore offered more than ungrounded speculation that relevant evidence may be destroyed.  <u>Cf.</u> <u>In re</u>

10

<u>Fluor Corp. Secs. Lit.</u>, No. SA CV 97-734 AHS EEX, 1999 WL 817206, at *3 (C.D. Cal. Jan. 15, 1999) ("Plaintiffs . . . fail to make any credible showing that discovery is necessary to preserve evidence beyond generalizations of fading memories and allegations of possible loss or destruction.").

Although the TSG need only establish that one of the two exceptional circumstances identified in the stay provision applies, I also find that the TSG has made a sufficient showing of undue prejudice. One of the courts to have considered the meaning of the PSLRA's "undue prejudice" standard concluded that "[i]n contrast to 'irreparable harm,' 'undue prejudice' means improper or unfair detriment." <u>Medical Imaging Cents. of Am., Inc. v. Lichtenstein</u>, 917 F. Supp. 717, 720 (S.D. Cal. 1996). The same court suggested that a stay of discovery would cause undue prejudice to a plaintiff if it would effectively "shield . . . [defendants] from eventual liability for any material violations of the securities laws." <u>Id.</u> at 721 n.3; <u>see</u> <u>also</u> <u>Global Intellicom, Inc. v. Thomson Kernaqahan & Co.</u>, 99 CIV. 342 (DLC), 1999 U.S. Dist. LEXIS 5439, at *4-5 (S.D.N.Y. Apr. 15, 1999) (finding that plaintiff made sufficient showing of undue prejudice by demonstrating that its ability to seek redress in

11

securities action might be foreclosed).  Applying these interpretations of undue prejudice, I conclude that the standard is satisfied by the TSG's showing that evidence relevant to plaintiffs' claims might be inadvertently destroyed by third parties without notice of this action.

B.    **Particularized Discovery**

In addition to demonstrating necessity, a party seeking an exception to the PSLRA's stay provision must request "particularized discovery."  As interpreted in the relevant case law, the "particularized discovery" requirement has at least two dimensions.  First, a discovery request is particularized to the extent that it is directed at specific persons.  Unlike cases in which plaintiffs have sought leave to serve subpoenas on an insufficiently specified group of third parties, see In re Fluor Corp. Secs. Lit., 1999 WL 817206, at *3; Mishkin v. Ageloff, 220 B.R. 784, 793-94 (S.D.N.Y. 1998), the TSG has provided a list of the thirteen third parties that it wishes to serve with preservation subpoenas.  See Schedule of Third Parties to Be Served With Doc. Preservation Subpoenas (Doc. #25) at 1-2.  The TSG has thus satisfied this aspect of the "particularized discovery" requirement.

12

Second, a discovery request is particularized to the extent that it identifies specific types of evidence that fall within its scope.[3] Courts applying the PSLRA stay provision have therefore rejected as insufficiently particularized requests for discovery that were overly broad in scope. See In re Carnegie Int'l Corp. Secs. Lit., 2000 U.S. Dist. LEXIS 6137, at *24; Mishkin, 220 B.R. at 793.

In the present case, the briefs and proposed orders submitted by the TSG do not sufficiently particularize the types of evidence that the third parties in question would be called upon to preserve. See TSG's Mot. (Doc. #16); TSG's Supplemental Mot. (Doc. #19) and Ex. B (proposed order); Proposed Order Re: Preservation of Discovery Material (appended to Doc. #5) ¶ 6. The TSG is thus effectively requesting authority to serve upon third parties subpoenas that call for the preservation of "an open-ended, boundless universe" of materials. Mishkin, 220 B.R at 793. Such a request fails to meet the "particularized

_____

[3] I do not accept the suggestion, offered in In re Grand Casinos, Inc. Secs. Lit., that a discovery request is sufficiently particularized simply because it calls for the preservation rather than the production of evidence. See 988 F. Supp. at 1273.

13

discovery" standard.  If, however, the TSG submits subpoenas to this court within the next 14 days calling for the preservation of relevant evidence that is described with the requisite particularity (i.e., in terms comparable to the categories used by the parties in their negotiations regarding documents and data in the possession of defendants), I will grant them authority to serve such subpoenas on some or all of the thirteen third parties they have identified.[4]

## C.   Preservation Versus Production

In other cases, courts have concluded that the PSLRA does not allow plaintiffs to obtain relief from the statutory stay to discover facts necessary to satisfy the Act's heightened pleading requirements.  See SG Cowen, 189 F.3d at 912; Medhekar v. United States Dist. Court for the N. Dist. of California, 99 F.3d 325, 328 (9th Cir. 1996).  These rulings seek to carry out Congress's intention "that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the

---

[4]  Of course, any third party that eventually receives such a preservation subpoena may avail itself of the protections provided under Federal Rule of Civil Procedure 45(c).

14

action has been filed." <u>Medhekar</u>, 99 F.3d at 328. However, as other courts have concluded, granting a plaintiff leave to issue subpoenas that give specified third parties notice of the action and impose upon them only a duty to preserve certain relevant evidence in their possession is consistent with the purposes underlying the PSLRA. <u>See, e.g.</u>, <u>Neibert v. Monarch Dental Corp.</u>, 3-88-CV-762-X, slip op. at 1-2 (N.D. Tex. Oct. 20, 1999); <u>In re Grand Casinos, Inc. Secs. Lit.</u>, 988 F. Supp. at 1272; <u>but see</u> <u>Asset Value Fund Ltd. Partnership v. Find/SVP, Inc.</u>, No. 97 CIV. 3977(LAK), 1997 WL 588885, at *1 (S.D.N.Y. Sept. 19, 1997).

## IV. Conclusion

For the reasons provided above, the TSG's request for a preservation order directed at defendants is denied. If the TSG submits preservation subpoenas to the court within the next 14 days that appropriately particularize the types of evidence to be preserved, I will grant them the authority to serve such subpoenas on specified third parties.

SO ORDERED.


                                _____
                                Paul Barbadoro
                                Chief Judge

July 27, 2000

cc:  Michael J. Beck, Judicial Panel on MDL
      Steven Schulman, Esq.
      Jeffrey Haber, Esq.
      Joseph Weiss, Esq.
      Norman Berman, Esq.
      Frederick E. Upshall, Jr., Esq.
      Paul Kfoury, Sr., Esq.
      Steven Madsen, Esq.
      Lewis Liman, Esq.
      Edward Haffer, Esq.